UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE: ) CHAPTER 13
   CAROL ANN HALL )
) CASE NO. 09-33172-DHW-13
      Debtor(s). )

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now Comes the Movant, BANKTRUST, a creditor herein, by its attorneys, Chambless Math ❖ Carr, P.C. and for its Motion for Relief from the Automatic Stay, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, as referred under 28 U.S.C. Section 157, and it constitutes a "core proceeding" within the meaning of the latter statute. This Motion is made pursuant to Bankruptcy Rule 4001, and in conformity with Bankruptcy Rule 9014.

2. Movant is precluded by the force and effect of paragraph (4) and (5) of Section 362(a) of the Bankruptcy Code from enforcing Movant's lien against property of the estate and property of the Debtor(s).

3. The Debtor(s) was at the time of the filing of his petition, and still is indebted to the Movant in the sum of $31,393.67 plus interest at the contract rate until paid.

4. The consideration was an obligation for the sum and on the date shown on the security agreement attached to the Proof of Claim filed herein by the Movant.

5. There are no setoffs or counterclaims to said debt, and it is free from any charge forbidden by applicable law.

6. Pursuant to said obligation, the Movant has a security interest in goods as follows: REAL ESTATE PROPERTY MORTGAGED. The value of the property in which the Movant has a security interest is approximately less than the amount of the debt.

7. The Debtor(s) does not have equity in said property and it is not necessary for an effective reorganization. Movant is and will continue to suffer irreparable harm from continuation of the 11 U.S.C. Section 362 automatic stay.

8. Meanwhile, Debtor(s) continues to use and enjoy the movant's collateral while same continues to depreciate in value without adequate protection and compensation to Movant.

9. Under the terms of the Debtors' plan, the Debtor(s) agreed to make regular payments direct to the creditor movant. The debtor is due and delinquent for the APRIL 15, 2010 payment in the amount of $983.10, plus the fees and costs of this motion. The Debtor(s) failure to pay constitutes a material default.

10. Pursuant to 11 U.S.C. Section 1307(c)(6), material default by the Debtor(s) with respect to a term of a confirmed plan constitutes cause for dismissal or conversion.

WHEREFORE, Movant moves for an Order granting relief from the Section 362 Stay, directing the Debtor(s) to surrender possession of said property to the Movant, and for an Order barring the Debtors' right of redemption.

BANKTRUST

s/ Leonard N. Math
For the Firm

Leonard N. Math
Chambless Math ❖ Carr, P.C.
P.O. Box 230759
Montgomery, Alabama 36123-0759
334-272-2230

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all attorneys of record as set forth below by electronic notice and\or by depositing a copy thereof in the United States mail postage prepaid on June 24, 2010.

Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery AL 36101

Richard D. Shinbaum
SHINBAUM, McLEOD & CAMPBELL
P.O. BOX 201
MONTGOMERY AL 36101

CAROL ANN HALL
431 HALLMARK DRIVE
PRATTVILLE AL 36067

/s/ Leonard N. Math
Chambless Math ❖ Carr, P.C.